1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Glenn W. Peterson, Esq. (SBN 126173)
**MILLSTONE PETERSON & WATTS, LLP**
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222
Facsimile: (916) 780-8775
E-Mail: gpeterson@mpwlaw.net

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

TIM EDWARDS,                           )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    ) Case No. 2:17-cv-02328-FMO-SS
                                       )
DELTA DENTAL INSURANCE    ) **CONSENT MOTION TO STAY**
COMPANY, WAL-MART         )
STORES, INC.,                          )
                                       )
        Defendants.                    )
_____ )

Defendant Wal-Mart Stores, Inc. Associates' Health and Welfare Plan

("Plan"), improperly sued as Wal-Mart Stores, Inc., requests that the Court stay

this matter.  In support of this Motion, the Plan states as follows:

1.      On February 21, 2017, Plaintiff Tim Edwards ("Edwards") filed a

Complaint in this civil action in the Small Claims Division of the Ventura County,

California Superior Court ("State Action").

1                    **CONSENT MOTION TO STAY**
                                                     **2:17-cv-02328-FMO-SS**

2.      Edwards' claims arise out of his participation in the Plan, which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

3.      Dental benefits provided under the Plan are self-funded.

4.      On November 9, 2016, the Plan's third-party administrator for dental benefits, Delta Dental Plan of Arkansas, Inc. ("Delta"), issued its initial benefits determination.

5.      On or about January 30, 2017, Edwards initiated an administrative appeal of Delta's initial benefits determination.

6.      Delta sent a records request to Edwards' treating provider, but has yet to receive a response.

7.      Because the requested records have not been received, a final determination has not been issued and the administrative review remains pending.

8.      The Ninth Circuit has "consistently held that before bringing suit under Section 502, an ERISA plaintiff claiming a denial of benefits 'must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court.'"[1]

---

[1] *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008) (quoting *Diaz v. United Agric. Employee Welfare Benefit Plan and Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995)).

**CONSENT MOTION TO STAY**
                                                                                    **2:17-cv-02328-FMO-SS**

9.      Edwards' claim for benefits is not yet ripe for judicial determination. The Plan, therefore, requests that the Court stay this matter pending a final determination by Delta.

10.      Counsel for the Plan contacted the other parties to this action prior to filing this Motion. The remaining parties consent to the stay of this matter until the Plan's administrative review process is fully exhausted.

For the reasons stated herein, the Plan requests that the Court stay this matter pending a final determination of Edwards' claim for benefits under the Plan.

DATED: <u>March 29, 2017</u>

**MILLSTONE, PETERSON & WATTS**, LLP

BY:      <u>/s/Glenn W. Peterson</u>

Attorneys for Defendant Wal-Mart Stores, Inc.

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*
/s/ Glenn W. Peterson

**CONSENT MOTION TO STAY**
**2:17-cv-02328-FMO-SS**